# Staunton.

## RUFUS PARRIGEN v. C. B. LONG, DOING BUSINESS AS McCLURE LUMBER COMPANY.

### September 23, 1926.

1. WORKMEN'S COMPENSATION ACT—*Enforcement of an Award of the Industrial Commission in the Circuit Court—Section 62 of the Workman's Compensation Act (Code of 1924, Section 1887 (62) ) Mandatory.—* Section 62 of the workmen's compensation act (Code of 1924, sec. 1887 (62) ), providing that any party interested may file in the circuit or corporation court of the county or city in which the injury occurred a certified copy of a memorandum or agreement approved by the Commission, or of an order or decision of the Commission, or of an award of the Commission unappealed from, or an award of the Commission affirmed upon appeal, and that the court shall render judgment in accordance therewith, imposes a mandatory duty upon the courts. The Commission had no power to enforce its own judgment and section 62 of the workmen's compensation act (Code of 1924, sec. 1887 (62) ) was clearly enacted for the purpose of providing a means not only of enforcing an award which had been affirmed on appeal, but also all other final awards of the Commission from which there had been no appeal, as well as all agreements between the parties approved by the Commission. The refusal to render such judgment as the section requires can be compelled by mandamus.

2. WORKMEN'S COMPENSATION ACT—*Enforcement of an Award of the Industrial Commission in the Circuit Court—Section 62 of the Workman's Compensation Act (Code of 1924, Section 1887 (62) ) Mandatory.—* The order of the court under section 62 of the workmen's compensation act (Code of 1924, sec. 1887 (62) ) in rendering judgment so that execution may be had, is the exercise of a ministerial function, and the mere method provided by the General Assembly for enforcing the collection by legal process of the amount already legally ascertained to be due, that is, by execution of *fieri facias,* or any other appropriate process for enforcing a judgment.

3. WORKMEN'S COMPENSATION ACT—*Enforcement of an Award of the Industrial Commission in the Circuit Court—Section 62 of the Workmen's Compensation Act (Code of 1924, Section 1887 (62) ) Mandatory—Hearing in Another County than that in which the Injury Occurred—Party Named in the Award—Case at Bar.—*In the instant case plaintiff

moved the Circuit Court of Dickenson county for a judgment on an award of the Industrial Commission of Virginia in his favor upon which no appeal had been taken. Defendant, who was doing business as McClure Lumber Company, was named in the motion but not in the award, demurred to the motion, and filed a plea of *nil debet* and five special pleas, one of which alleged that while the injury occurred in Dickenson county the hearing before the Industrial Commission had been held in Russell county. The court dismissed the proceedings upon the ground that the hearing had been held in Russell county and that, therefore, the award was void.

*Held:* That while the court had no power to enter any judgment against defendant who was not named in the award, it was by force of section 62 of the workmen's compensation act (Code of 1924, sec. 1887 (62) ) required to enter judgment against the McClure Lumber Company in accordance with the award of the Commission.

4.  WORKMEN'S COMPENSATION ACT—*Enforcement of an Award of the Industrial Commission in the Circuit Court—Hearing in Another County than that in which the Injury Occurred—Venue and Jurisdiction—Case at Bar.*—In the instant case plaintiff moved the Circuit Court of Dickenson county for judgment on an award of the Industrial Commission of Virginia in his favor upon which no appeal had been taken. The trial court dismissed the motion because while the injury occurred in Dickenson county the hearing before the Industrial Commission had been held in Russell county.

*Held:* That the judgment of the trial court ignored the distinction between venue and jurisdiction. The Commission has jurisdiction over the entire State. Its judgments are not necessarily void because there is a mistake made in the venue.

5.  VENUE—*Objections to Venue—Time of Making.*—Objections to venue must be made at an early stage of the proceeding, and may be waived expressly or by implication. In this case it appears from the record that the hearing, while commenced in Russell, was concluded in Dickenson county. The award of the Commission appeared to be perfectly regular on its face.

*Held:* That the award was not void.

6.  WORKMEN'S COMPENSATION ACT—*Enforcement of an Award of the Industrial Commission in the Circuit Court—Presumption that the Commission has Properly Decided Questions of Venue and Service of Process.*—Upon a motion under section 62 of the workmen's compensation act (Code of 1924, sec. 1887 (62) ) for a judgment on an award of the Industrial Commission the trial court should assume that the Commission has properly decided all questions of venue and service of process before the award was made.

7.  WORKMEN'S COMPENSATION ACT—*Judgment on an Award under Section 62 of the Workmen's Compensation Act (Code of 1924, Section 1887 (62) )—Persons not Liable.*—If an attempt is made to enforce a claim

against any person or property not legally liable therefor under a judgment on an award of the Industrial Commission, under section 62 of the workmen's compensation act (Code of 1924, section 1887 (62) ), the judgment upon the award cannot prejudice the parties interested or prevent the contesting of such liability when the question arises.

Error to a judgment of the Circuit Court of Dickenson county, on an award of the Industrial Commission. Judgment for defendant.   Plaintiff assigns error.

*Affirmed and remanded.*

The opinion states the case.

*G. Mark French* and *W. B. Phipps*, for the plaintiff in error.

*Chase & McCoy*, for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

On March 21, 1925, the plaintiff, Parrigen, moved the Circuit Court of Dickenson .county for judgment on an award of the Industrial Commission of Virginia in his favor from which no appeal had been taken. The defendant, Long, who was named in the motion but not in the award, demurred to the motion, filed a plea of *nil debet* and five special pleas, one of which alleged that while the injury to the plaintiff occurred in Dickenson county, the hearing before the Industrial Commission had been held in Russell county.   The plaintiff moved to strike out the demurrer and all of the pleas and to enter judgment for the plaintiff upon the award, but the court overruled all of the motions and dismissed the proceeding, solely upon the ground that the hearing had been held in Russell county, and held that, therefore, the award was void.

The jurisdiction of courts to enter judgments based upon the awards of the Industrial Commission is found in the workmen's compensation act, section 62, which reads: "Any party in interest may file in the circuit court or corporation court of the county or city in which the injury occurred, or if it be in the city of Richmond, then in the circuit or law and equity court of said city, a certified copy of a memorandum of agreement approved by the Commission, or of an order or decision of the Commission, or of an award of the Commission unappealed from, or an award of the Commission affirmed upon appeal. Whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court."

[1, 2] This section of the statute imposes a mandatory duty upon the courts. It was so construed in the case of *Richmond Cedar Works* v. *Harper*, 129 Va. 481, 106 S. E. 516, where this is said: "It is observed that the Commission has no power to enforce its own judgments * * . Section 62 was clearly enacted for the purpose of providing a means not only of enforcing an award which had been affirmed on such appeal, but also all other final awards of the Commission from which there had been no appeal, as well as all agreements between the parties approved by the Commission. When this section is invoked, however, the rights of the claimants have already been established. The proceeding then resembles a motion under our statute for execution upon a forthcoming or delivery bond. There is neither necessity nor reason for the procedure under section 62, unless the defend-

ants fail to pay the amounts awarded the claimants. At that time, all of the rights of the parties having been previously litigated and determined, the court is required to render judgment in accordance either with (a) the agreement of the parties, which has been approved by the Commission; (b) an award of the Commission which has not been appealed from, or (c) an award of the Commission which has been previously affirmed upon appeal. At this stage of the proceeding, the court is vested with no discretion; the statute is mandatory and the refusal to render such judgment as that section requires could be compelled by mandamus. It seems hardly necessary to say that action which can certainly be compelled by mandamus cannot be appealed from. The order of the court under section 62 in rendering judgment so that execution may be had, is the exercise of a ministerial function, and the mere method provided by the General Assembly for enforcing the collection by legal process of the amount already legally ascertained to be due—that is, by execution of *fieri facias*, or any other appropriate process for enforcing a judgment."

[3] We are perfectly clear in our view that while the court had no authority or power to enter up any judgment against G. B. Long, who was not named in the award, it was by force of the statute required to enter judgment against McClure Lumber Company, in accordance with the award of the Commission.

In *Kareske's Case*, 250 Mass. 220, 145 N. E. 301, construing a different statute having the same general purpose, similar views are expressed.

[4, 5] While the court correctly decided that it had no power to enter up judgment in this proceeding against G. B. Long, it erred in dismissing the motion. The reason assigned for dismissing the motion is based

upon section 58 of the workmen's compensation law. That section directs the hearing to be held in the county or city where the injury occurred, unless otherwise agreed to by the parties and authorized by the Commission. The trial court held that the failure to hear the case in Dickenson county avoided the proceeding and finding of the Commission. We cannot agree with this conclusion. It ignores the frequently discussed difference between venue and jurisdiction. The Commission has jurisdiction over the entire State. Its judgments are not necessarily void because there is a mistake made in the venue. Objections to venue must be made at an early stage of the proceeding, and may be waived expressly or by implication. In this case it appears from the record that the hearing, while commenced· in Russell, was concluded in Dickenson county. The award of the Commission appears to be perfectly regular on its face.

This distinction between venue and jurisdiction has been discussed in *Shelton* v. *Sydnor*, 126 Va. 625, 102 S. E. 83, and treated at length in the recent case of *Southern Sand and Gravel Co.* v. *Massaponax S. & G. Co.*, 145 Va. 317, 133 S. E. 812, decided June 17, 1926.

[6] The trial court should have assumed upon such a motion that the Commission had properly decided all questions of venue and service of process before the award was made.

[7] The order of the trial court will, therefore, be affirmed as to G. B. Long, because the Commission has made no award against him, but the case will be remanded with directions to enter judgment, in accordance with section 62, against McClure Lumber Company. This record does not sufficiently present the question as to whether the McClure Lumber Company is a legal

entity, individual, partnership, or corporation, and such questions cannot be decided upon a motion for judgment upon the award under the workmen's compensation act. If the award against McClure Lumber Company be void for any reason not appearing upon its face, this question can and must be raised when the claimant undertakes to enforce the judgment. If any attempt is made to enforce a claim against any person or property not legally liable therefor, the judgment upon this award cannot prejudice the parties interested or prevent the contesting of such a liability in the future if and when the question arises.

*Affirmed and remanded.*