IN RE: COMMONWEALTH OF VIRGINIA,
COMMONWEALTH'S ATTORNEY FOR
CHESTERFIELD COUNTY

Record No. 841541

Decided March 8, 1985, at Richmond

Present: All the Justices

*Donald E. Hines, Deputy Commonwealth's Attorney (Charles R. Watson, Commonwealth's Attorney, on briefs), for petitioner.*
*Russell V. Palmore, Jr. (James C. Roberts; Mays, Valentine, Davenport & Moore, on brief), for respondent.*

STEPHENSON, J., delivered the opinion of the Court.

Invoking our original jurisdiction, the petitioner, Charles R. Watson, Commonwealth's Attorney of Chesterfield County, petitioned for a writ of mandamus against the respondent, the Honorable William N. Humphries, Jr., Judge of the Circuit Court of Chesterfield County. Va. Const. art. VI, § 1; Code § 17-96. The petition alleges that Judge Humphries convicted Robert Forest Jennings of use of a firearm while committing robbery, a violation of Code § 18.2-53.1,[1] and that, instead of sentencing Jennings as the statute mandated, the judge withheld imposition of sentence for a period of one year. The petitioner prays that we issue a writ of mandamus directing the judge to vacate the judgment and sen-

---

[1] Code § 18.2-53.1 reads as follows:

It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing *or attempting to commit murder, rape, robbery, burglary, malicious wound-ing as defined in § 18.2-51, or abduction.* Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a term of imprisonment of two years for a first conviction, and for a term of four years for a second or subsequent conviction under the provisions of this section. Notwithstanding *any other provision of law,* the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

tence Jennings according to the statute.[2] Thus, the sole question before us is whether, under the facts presented, Judge Humphries had the authority to withhold imposition of the sentence mandated by Code § 18.2-53.1.

The facts are undisputed. On July 31, 1984, Jennings pled guilty to robbery and to use of a firearm while committing robbery. Judge Humphries accepted the pleas and found Jennings guilty of both crimes. He continued the cases for a probation officer's presentence investigation and report.

On September 25, 1984, the judge received the probation officer's report, heard additional evidence, and pronounced judgment in both cases. He sentenced Jennings to 15 years in the penitentiary for robbery, but suspended the entire sentence "upon the conditions that [Jennings]: (1) keep the peace and be of good behavior and obey all laws for a period of Twenty (20) years, (2) continue with psychiatric care and treatment with reports to the Court every Ninety (90) days for a period of One (1) year, (3) participate in the Community Diversion Incentive Program, if qualified, (4) be placed on probation under the supervision of the Probation Officer of this Court."

Nevertheless, the judge withheld imposition of sentence on the firearm conviction "until September 26, 1985, a period of Twelve (12) months, upon the conditions that [Jennings]: (1) keep the peace and be of good behavior and obey all laws, (2) continue with psychiatric care and treatment with reports to the Court every Ninety (90) days." When the judge ruled, he said:

> On the firearm charge, I'm going to withhold imposition of sentence . . . for a period of twelve months, at which time I'm going to review it and determine what sentence, if any, you will receive. More than likely, you will receive a two-year sentence and credit for the six months you have served, but I'm going to take a look at that in one year . . . .

On September 28, 1984, the judge conducted a hearing on the Commonwealth's motion to vacate the judgment and sentence Jennings according to the mandatory provision of § 18.2-53.1. Having received no decision on its motion, on October 12, 1984,

---

[2] The respondent does not challenge mandamus procedurally, but asserts that the petitioner's requested relief should be denied.

the Commonwealth's Attorney petitioned for a writ of mandamus. On the same date, Judge Humphries denied the motion to vacate.

In his letter opinion, the judge noted that "[t]he issue involved is whether under Section 18.2-53.1 the Court can withhold imposition of sentence for a stated period of time or if the Court must immediately impose the mandatory sentence called for when a firearm is used in the commission of a felony." Judge Humphries acknowledged that § 18.2-53.1 "clearly [states] that the Court cannot do three . . . things: (1) suspend the sentence, in whole or in part; (2) place the defendant on probation; (3) allow the sentence to run concurrently with the sentence imposed on the primary felony." However, the judge asserted that he had "done none of the things prohibited by the statute by merely withholding imposition of the sentence for a specified period of time." He further opined:

> To require, in every case, that the defendant begin his sentence immediately regardless of the circumstances of the particular case would be unrealistic and unreasonable. If the defendant were in need of immediate surgical or medical treatment or if the defendant were a female about to give birth, would the Court be precluded from withholding imposition of sentence? To allow this defendant to continue with his rehabilitation, including the private psychiatric care, at no expense to the Commonwealth, is a reasonable basis for delaying the imposition of sentence and does not appear to be inconsistent with the requirements of Section 18.2-53.1.

Code § 18.2-53.1 makes it a separate felony to use a firearm while committing certain felonies, including robbery. It further provides that "any person found guilty thereof shall be sentenced to a term of imprisonment of two years for a first conviction," and that "[n]otwithstanding any other provision of law, *the sentence . . . shall not be suspended in whole or in part, nor shall anyone convicted [thereunder] be placed on probation.*" (Emphasis added.) Moreover, the punishment mandated is to run consecutively with the sentence imposed for the primary felony.

Because the statute's purpose is "to deter violent criminal conduct," *Ansell v. Commonwealth*, 219 Va. 759, 763, 250 S.E.2d 760, 762 (1979), it provides an "inflexible" penalty. *Holloman v. Commonwealth*, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980).

Clearly, therefore, by prescribing a mandatory sentence, the General Assembly has divested trial judges of all discretion respecting punishment. *See Parrigen* v. *Long*, 145 Va. 637, 640-41, 134 S.E. 562, 562-63 (1926).

The respondent concedes that Code § 18.2-53.1 prescribes a mandatory sentence; nonetheless, he contends that a trial court has the inherent discretionary power "to delay the commencement of a term of incarceration." Relying upon cases from other jurisdictions, he argues that a court may exercise its discretion "to permit a defendant to put his 'affairs' in order; to permit a defendant to move for a new trial or to appeal; to permit inquiry into a defendant's sanity; to permit medical treatment; or to respond to some other necessity which presents a reasonable and just ground for delay." Any support for this argument from these cases is merely dicta.

In any event, the reasons for delay in the cited cases differ substantially from Judge Humphries': "[t]o allow [Jennings] to continue with his rehabilitation." Further, unlike the present case, the courts in the cited cases were not confronted with a mandatory sentence and the delays were of relatively short duration.

As previously noted, the purpose of § 18.2-53.1 is to deter violent crimes, not to reform or rehabilitate criminals. *See Ansell*, 219 Va. at 763, 250 S.E.2d at 762. It expressly prohibits a court from either suspending the sentence or placing a defendant on probation. The statute provides that the sentence "shall not be suspended," and we construe this language to mean that the court can neither delay imposition of the sentence nor stay its execution. *See Richardson* v. *Commonwealth*, 131 Va. 802, 808, 109 S.E. 460, 462 (1921). Here, however, the court not only "suspended" the sentence in violation of the General Assembly's clear mandate, but also, in its effort to rehabilitate Jennings, effectively placed him on probation in contravention of the statute.

Accordingly, the writ of mandamus will be granted directing the trial judge to forthwith vacate his judgment of September 25, 1984, and to sentence Jennings according to the provision of Code § 18.2-53.1.

*Writ granted.*