COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Powell
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA

                                            MEMORANDUM OPINION[*] BY

v.      Record No. 0085-10-3           JUDGE ROBERT P. FRANK
                                           NOVEMBER 30, 2010

TREMON ANTONIO WIMBUSH


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellant.

(Andrea C. Long, on brief), for appellee.


The Commonwealth, pursuant to Code § 19.2-398(C), appeals an order in which the trial

court sentenced Tremon Antonio Wimbush (Wimbush), appellee, to twenty years incarceration for

malicious wounding, 100 years incarceration for first-degree murder, and three years incarceration

for each of two counts of use of a firearm in the commission of the two felonies. The

Commonwealth contends the trial court erred in not imposing the mandatory five-year sentence for

a second conviction of use of a firearm in the commission of a felony pursuant to Code § 18.2-53.1.

For the reasons stated, we agree with the Commonwealth and reverse the judgment of the trial court

as to the second conviction of use of a firearm and remand for re-sentencing on that count.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Appellee shot a pistol from his car at a group of people gathered on the front porch of a residence, killing Lotoya Hubbard and wounding Eric Ferguson. The two counts of use of a firearm under Code § 18.2-53.1 arose from the murder and the maiming charges.

Appellee was found guilty of all four indictments and was sentenced on December 21, 2009 to the terms stated above.

On December 28, 2009 and January 8, 2010, the Commonwealth's attorney wrote the trial court, indicating that Code § 18.2-53.1 mandates a five-year sentence because the court convicted Wimbush of a second offense of use of a firearm in the commission of a felony. The Commonwealth asked for re-sentencing. The trial court summarily denied the Commonwealth's request. This appeal follows.

## ANALYSIS

The only issue before us is whether Code § 18.2-53.1 requires a mandatory five-year sentence for appellee's second conviction of use of a firearm.

Code § 18.2-53.1 states in part:

> Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to a mandatory minimum term of five years for a second or subsequent conviction under the provisions of this section.

This very issue has been addressed in a number of appellate decisions from this Court and the Supreme Court of Virginia.

In Ansell v. Commonwealth, 219 Va. 759, 250 S.E.2d 760 (1979), the Supreme Court of Virginia addressed whether the enhanced penalty provisions of Code § 18.2-53.1 applied to three separate offenses committed on the same day and tried together. Ansell was convicted of two counts of robbery, one count of attempted robbery, and three counts of use of a firearm in the

commission of the primary offense.  Id. at 761, 250 S.E.2d at 761.  He was sentenced, in addition to the primary felonies, to one year for the first indictment and three years each on the second and third indictments under Code § 18.2-53.1, as was the law in effect at that time.  Id.  The Supreme Court affirmed the enhanced penalties, concluding that Code § 18.2-53.1 is intended to "deter violent criminal conduct" and rejected appellant's argument that the prior conviction must precede the commission of the primary offense.  Id. at 763, 250 S.E.2d at 762.

The Supreme Court re-visited this issue in Flythe v. Commonwealth, 221 Va. 832, 275 S.E.2d 582 (1981).[1]  Flythe was convicted of two counts of attempted murder and two counts of use of a firearm in each of the attempts, each offense occurring at the same time.  The Court ruled:

> The enhanced punishment provided by the statute is not geared to whether an accused has committed one or more acts.  Instead, it is geared to the number of actual convictions suffered by an accused.  Where several convictions result from the same act, each conviction is separate and distinct from the other.  It is the identity of the offense and not of the act which is dispositive.  We have held that if two or more persons are injured by a single criminal act, this results in a corresponding number of distinct offenses.
>     In Ansell we held that the purpose of Code § 18.2-53.1 is to deter violent criminal conduct and that the application of the increased penalty provision of the statute to a subsequent offense without an intervening conviction was proper.  We rejected Ansell's argument for the same reason that we now reject Flythe's.  Both cases involved separate indictments for separate crimes which were tried jointly with the defendant receiving successive sentences.  Any conviction that follows a first conviction is a subsequent conviction within the purview of Code § 18.2-53.1.

Id. at 835, 275 S.E.2d at 584 (citations omitted).

---

[1] The Supreme Court of Virginia, in Bennett v. Commonwealth, Record No. 092085, by unpublished order decided October 8, 2010, reaffirmed its holding in Flythe.  This case was held in abeyance until the Bennett order was released.

The Supreme Court again addressed the same issue in In re Commonwealth of Virginia, 229 Va. 159, 326 S.E.2d 695 (1985).

> Because the statute's purpose is "to deter violent criminal conduct," Ansell v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 762 (1979), it provides an "inflexible" penalty. Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980). Clearly, therefore, by prescribing a mandatory sentence, the General Assembly has divested trial judges of all discretion respecting punishment. See Parrigen v. Long, 145 Va. 637, 640-41, 134 S.E. 562, 562-63 (1926).

Id. at 162-63, 326 S.E.2d at 697.

In Lilly v. Commonwealth, 50 Va. App. 173, 187-88, 647 S.E.2d 517, 524 (2007), this Court observed:

> The legislative development of the mandatory minimum sentence . . . produced a floor below which no judge or jury could go. A trial court's authority to depart downward below a mandatory minimum is "nonexistent," Mouberry v. Commonwealth, 39 Va. App. 576, 585, 575 S.E.2d 567, 571 (2003), because the legislative purpose was to divest trial judges and juries of "all discretion" to sentence below the threshold minimum, In re Commonwealth of Virginia, 229 Va. 159, 163, 326 S.E.2d 695, 697 (1985).

Because we conclude that the second conviction of use of a firearm was a second or subsequent offense under Code § 18.2-53.1, the trial court was required to impose a five-year sentence. In failing to do so, it erred. We therefore reverse the trial court's sentence for the second firearm conviction and remand for the imposition of the mandatory five-year term of imprisonment.

Reversed and remanded.