Present:  All the Justices

TIMOTHY A. BROWN

                                        OPINION BY
v.      Record No. 120112      JUSTICE S. BERNARD GOODWYN
                                     November 1, 2012
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA

      In this appeal, we consider whether multiple sentences

imposed pursuant to Code § 18.2-53.1 may be run concurrently.

               Material Facts and Proceedings

      Timothy A. Brown was charged in the Circuit Court of the

City of Richmond with three counts of robbery, three counts of

abduction and six counts of use or display of a firearm in the

commission of a felony.  The charges stem from an armed robbery

of a marijuana dealer and two other individuals at the dealer's

residence on May 24, 2010.  Brown entered not guilty pleas to

all charges and waived a jury trial.

      At the conclusion of the Commonwealth's evidence, the

circuit court dismissed the three abduction charges and the

three counts of use or display of a firearm associated with

those charges.  At the conclusion of the trial, the court found

Brown guilty of the three counts of robbery and three counts of

use or display of a firearm in committing those felonies.

      At the sentencing hearing, Brown urged the circuit court

to exercise its discretion to run the mandatory minimum

sentences on the use or display of a firearm charges concurrently with each other.  He argued that this was justified in light of Brown's record, which did not include any previous felony convictions, and the fact that he was a teenager.  He also argued that it was justified because Brown's co-perpetrator, a five-time felon who was the much older probable mastermind of the two, and who had, as conceded by the Commonwealth, lied to the court, had received a lighter sentence because he pled guilty in exchange for one of his use or display of a firearm charges being dropped.

The circuit court stated that it preferred to run the firearm sentences concurrently, but it felt compelled to run them consecutively based upon Court of Appeals precedent.  The court stated, "[I]t goes against every grain of my body, having heard from [Brown's co-perpetrator].  But I will sentence [Brown] to the mandatory minimum [sentences run consecutively], because I feel like I have to do that."

Brown appealed and a panel of the Court of Appeals denied his petition.  Brown appeals to this Court.

Analysis

Brown argues that the circuit court erred in ruling that it lacked the authority to run the firearm sentences concurrently with each other, and that the Court of Appeals should not have denied his petition.  Brown asserts that

2

neither the language of the use or display of a firearm statute (Code § 18.2-53.1) nor the language of the mandatory minimum sentencing statute (Code § 18.2-12.1) prohibits the sentences imposed for such firearm charges from being run concurrently with each other.

The Commonwealth argues that the Court of Appeals did not err in denying Brown's petition, and that <u>Bullock v. Commonwealth</u>, 48 Va. App. 359, 631 S.E.2d 334 (2006), which states that such sentences may not be run concurrently, <u>id.</u> at 378, 631 S.E.2d at 343, should be given stare decisis effect.[*] The Commonwealth asserts that the General Assembly, in imposing a mandatory minimum sentence for violation of the use or display of a firearm in the commission of a felony statute, intended to create inflexible penalties and "deter violent crime." It argues that sentences imposed for violation of the use or display of a firearm statute must be run consecutively with each other to give effect to the General Assembly's intent.

Generally, circuit courts have the authority to exercise discretion to run sentences concurrently. <u>See</u> Code § 19.2-308. However, this discretionary exercise of authority may be, and

_____

[*] "[A] decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of <u>stare decisis</u> until overruled by a decision of the Court of Appeals sitting <u>en banc</u> or by a decision of this Court." <u>Johnson v. Commonwealth</u>, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996).

3

has been proscribed by the General Assembly when it has directed that sentences for certain crimes may not be run concurrently. See, e.g., Code §§ 18.2-53.1, 18.2-255.2 and 18.2-308.1. The issue presented in this case is whether Code § 18.2-53.1 and/or Code § 18.2-12.1 prohibit a court from running multiple sentences imposed under Code § 18.2-53.1 concurrently with each other.

Because the issue before this Court is one of statutory interpretation, it is "a pure question of law which we review de novo." Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011). In statutory interpretation, "[t]he primary objective . . . is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). Thus, this Court construes a statute "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." Esteban v. Commonwealth, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003). "[W]e will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139,

144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Moreover, "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (quoting Zamani, 256 Va. at 395, 507 S.E.2d at 609). In addition, "penal statutes are to be construed strictly against the [Commonwealth and] cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute." Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960).

> If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. When an enactment is clear and unequivocal, general rules for construction of statutes . . . do not apply. Therefore, when the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted . . . .

Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citations omitted).

Upon conviction under Code § 18.2-53.1, use or display of a firearm in committing a felony,

> any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to a mandatory minimum term of five years for a second or subsequent conviction under the provisions of this section. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any

5

punishment received for the commission of the primary felony.

The mandatory minimum term must be made to run consecutively with any punishment received for the primary felony. The plain language of the statute does not, however, require that any sentence imposed pursuant to it be run consecutively with punishment received for a crime other than the primary felony. Thus, Code § 18.2-53.1 does not specifically prohibit multiple sentences for use or display of a firearm from being run concurrently with each other. We must examine whether Code § 18.2-12.1, which defines mandatory minimum sentences, prevents the mandatory minimum sentences required by Code § 18.2-53.1 from being run concurrently with each other.

Code § 18.2-12.1 defines "[m]andatory minimum . . . for the purposes of imposing punishment upon a person convicted of a crime." It states that "the court shall impose the entire term of confinement, the full amount of the fine and the complete requirement of community service prescribed by law. The court shall not suspend in full or in part any punishment described as mandatory minimum punishment." Id.

Code § 18.2-12.1 prohibits a court from "suspending" or imposing less than the "entire" term of confinement of a mandatory minimum sentence. This Court has defined "suspension" in these statutes to mean delaying the sentence or

6

actually and literally suspending it.  In re Commonwealth, 229 Va. 159, 163, 326 S.E.2d 695, 698 (1985) (interpreting a prior version of the statute, which the General Assembly changed in form but not in substance).  Neither the statutory language prohibiting suspending the sentence nor the statutory mandate to impose the "entire" sentence prohibits the imposed sentence from being run concurrently with another sentence.

Further, it is a "settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary."  Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998).  In this case, the express language in Code § 18.2-53.1 stating that the sentence shall be made to run consecutively with any punishment received for the commission of the primary felony (i.e., not be run concurrently with the primary felony) would be meaningless if no mandatory minimum sentence can be run concurrently with any other sentence.  The language in the firearm statute requiring sentences to be run consecutively with the punishment for the primary sentence should not be interpreted as superfluous.  See Cook v. Commonwealth, 268 Va. 111, 114, 597 S.E.2d 84, 86 (2004) ("Words in a statute should be interpreted . . . to avoid rendering words superfluous.").

In other instances, the General Assembly has directed that a mandatory minimum sentence not be run concurrently with <u>any other</u> punishment.  <u>See</u> Code § 18.2-255.2(B) ("Violation of this [statute] shall constitute a separate and distinct felony . . . ."  A second conviction under the statute "shall be punished by a mandatory minimum term of imprisonment of one year to be served consecutively with <u>any</u> other sentence.") (emphasis added); Code § 18.2-308.1 ("If any person possesses any firearm designed or intended to expel a projectile by action of an explosion of a combustible material within a [school], such person shall be . . . sentenced to a mandatory minimum term of imprisonment . . . to be served consecutively with <u>any</u> other sentence.") (emphasis added).  If it desired, the legislature could have stated that sentences imposed pursuant to Code § 18.2-53.1 may not be run concurrently with any other punishment, but it did not.

It must be presumed that the legislature acted deliberately in using different language in similar statutes, and that judgment should be respected by the courts.  When the General Assembly uses two different terms, it is presumed the terms are to mean two different things.  <u>See</u> <u>Forst v. Rockingham Poultry Marketing Coop., Inc.</u>, 222 Va. 270, 278, 279 S.E.2d 400, 404 (1981); <u>see also</u> <u>Halifax Corp. v. Wachovia Bank</u>, 268 Va. 641, 654, 604 S.E.2d 403, 408 (2004) ("[W]hen the

8

General Assembly includes specific language in one . . . statute, but omits that language from another . . . statute, [courts] must presume that the exclusion of the language was intentional"  because under these circumstances, it is evident that the General Assembly "knows how" to include such language in a statute to achieve an intended objective; thus the "omission of [such] language [in another statute] represents an unambiguous manifestation of a contrary intention." (quoting Halifax Corp. v Fist Union Nat'l Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001))).

### Conclusion

Accordingly, we hold that multiple sentences imposed pursuant to Code § 18.2-53.1 may be run concurrently.  We will reverse the judgment appealed from and remand the case to the Court of Appeals with direction to remand the same to the circuit court for resentencing consistent with this opinion. To the extent that the holding in Bullock is inconsistent with the holding we express here, we overrule that portion of the Court of Appeals' decision.

Reversed and remanded.

JUSTICE MCCLANAHAN, with whom JUSTICE MIMS joins, dissenting.

To the extent a trial court allows a defendant convicted under Code § 18.2-53.1 of three "separate and distinct felon[ies]" to serve the mandatory terms of

9

confinement concurrently, "the entire term of confinement" has not been "impose[d]" upon him for each crime, as mandated by Code § 18.2-12.1.  The purpose of Code § 18.2-53.1 is "to deter violent criminal conduct rather than to reform the most dangerous class of criminals."  Ansel v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 762 (1979).  Read in conjunction with Code § 18.2-12.1, Code § 18.2-53.1 expressly requires courts to "impose the entire term of confinement."  Code § 18.2-12.1 (emphasis added).  In construing these statutes, the majority applies " 'an unreasonably restrictive interpretation of the[m]' [and] subvert[s] the legislative intent expressed therein," which we may not do.  Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002)(quoting Ansel, 219 Va. at 761, 250 S.E.2d at 761).  Therefore, I respectfully dissent.