PRESENT: All the Justices

DONTE LAMAR JONES
                                                    OPINION BY
v.   Record No. 131385            JUSTICE CLEO E. POWELL
                                               October 31, 2014
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF YORK COUNTY
                  Richard Y. Atlee, Jr., Judge

     This appeal arises from a motion to vacate his sentence

filed by Donte Lamar Jones ("Jones") twelve years after he pled

guilty to capital murder in exchange for a sentence of life

without the possibility of parole.  Jones argues that the

Supreme Court of the United States' decision in <u>Miller v.</u>

<u>Alabama</u>, 132 S.Ct. 2455 (2012), applies retroactively to his

case.  <u>Miller</u> held that the Eighth Amendment forbids a

sentencing scheme that mandates life imprisonment without the

possibility of parole for juvenile offenders without affording

the decision maker the opportunity to consider mitigating

circumstances.  <u>Id.</u> at 2460.  Therefore, Jones contends that he

is entitled to a new sentencing proceeding because he was

seventeen years old when he committed the murder.

     We hold that because the trial court has the ability under

Code § 19.2-303 to suspend part or all of the life sentence

imposed for a Class 1 felony conviction, the sentencing scheme

applicable to Jones' conviction was not a mandatory life without

the possibility of parole scheme.  Therefore, even if <u>Miller</u>

applied retroactively, it would not apply to the Virginia sentencing statutes relevant here. Thus, the circuit court lacked jurisdiction to grant Jones' motion.

## I. FACTS AND PROCEEDINGS

In 2000, Jones was charged with capital murder, five counts of use of a firearm in the commission of a felony, two counts of abduction, armed robbery, malicious wounding, and wearing a mask in a prohibited place for his role in an armed robbery at a convenience store in which a store clerk was murdered. He was seventeen years old at the time. On June 5, 2001, Jones agreed to plead guilty to all charges in exchange for being sentenced to life without the possibility of parole on the capital murder charge. In so doing, he also "waive[d] any and all rights of appeal with regard to any substantive or procedural issue involved in this prosecution." He was immediately sentenced to life for the capital murder conviction. Because there was no agreement as to the sentence for the remaining charges, a presentence report was prepared for the other charges, and a sentencing hearing was set for a later date. Jones was ultimately sentenced to life plus 68 years on the remaining charges.

On June 5, 2013, Jones, proceeding pro se, filed a motion to vacate his sentence relying upon the Supreme Court's decision

2

in Miller.  He argued that Virginia's mandatory sentencing scheme for capital murder, as applied to juveniles, is unconstitutional because it does not consider mitigating factors.  Jones also argued that Code §§ 18.2-31 and -10 are unconstitutional because they do not allow for any other sentence for a juvenile charged with capital murder other than mandatory life without the possibility of parole.  Finally, he argued that Rawls v. Commonwealth, 278 Va. 213, 683 S.E.2d 544 (2009), allows a circuit court to set aside a void or unlawful sentence at any time and that his sentence is void ab initio because it is in excess of what is legal and should be vacated.  Alternatively, Jones asserted that pursuant to Code § 19.2-303, a circuit court may suspend all or part of a sentence at any time.  Jones asked the circuit court to so do.

On June 13, 2013, the circuit court denied Jones' motion without a hearing because "there [was] nothing new in mitigation of the offense."  This appeal follows.

## II.  ANALYSIS

In its 2012 decision in Miller, the Supreme Court held that sentencing schemes that "mandate life without parole for those under the age of 18 at the time of their crimes" such as Alabama's Code § 15-22-50[1] and Arkansas' Code § 5-4-104(e)(1)(A)

---

[1] The Supreme Court in Miller referred to the murder and capital murder provisions of the Alabama Code that provided for

3

at issue in that case, "violate[] the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S.Ct. at 2460. Jones argues that Miller applies retroactively to his case because he received a mandatory minimum sentence of life without the possibility of parole and, therefore, under Miller, he is entitled to a new sentencing proceeding in which individualized sentencing factors are considered. We disagree.

Jones was sentenced in 2001 and, therefore, the circuit court would only have jurisdiction to grant his motion to vacate his sentence if his original sentencing order was void ab initio. Amin v. County of Henrico, 286 Va. 231, 235, 749 S.E.2d 169, 171 (2013) (holding that "Rule 1:1, which limits the jurisdiction of a court to twenty-one days after entry of the final order, does not apply to an order which is void ab initio.").

At the time that Jones murdered a convenience store clerk during a robbery, a person who was over the age of sixteen and convicted of capital murder, a Class 1 felony, could be punished by death or "imprisonment for life." Code § 18.2-10 (Cum. Supp. 2000). He now argues that his sentence is invalid because

"punishment of life without parole, " Ala. Code §§ 13A-5-40(9), 13A-6-2(c), which are cross-referenced in Ala. Code § 15-22-50, discussed in the present opinion.

4

Virginia's sentencing scheme is mandatory and therefore is unconstitutional.

To decide whether Jones' sentence is void, we must first determine whether Virginia's sentencing scheme for capital murder imposed a mandatory minimum sentence of life without the possibility of parole. We conclude that it did not because the trial judge had the authority under Code § 19.2-303 to suspend the sentence. In 2000, the relevant portion of Code § 19.2-303 provided, as it does now, that "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part." Nothing restricted its application to a certain type of sentence. Unlike the statutes in Alabama and Arkansas found unconstitutional in Miller, there was no language limiting the power of the court to suspend a portion of the sentence.

Only where the General Assembly has prescribed a mandatory minimum sentence imposing an inflexible penalty has it "divested trial judges of all discretion respecting punishment." In re: Commonwealth, 229 Va. 159, 163, 326 S.E.2d 695, 697 (1985).[2] The

---

[2] See Code §§ 18.2-36.1(B) (Cum. Supp. 2000) (imposing a one year mandatory minimum sentence for a person convicted of aggravated involuntary manslaughter); 18.2-51.1 (Cum. Supp. 2000) (establishing mandatory minimum penalties for maliciously wounding a law enforcement officer or firefighter); 18.2-57 (Cum. Supp. 2000) (setting mandatory minimum sentences for certain types of assaults and batteries); 18.2-121 (Cum. Supp. 2000) (imposing a mandatory minimum sentence of one year for a

5

absence of the phrase "mandatory minimum" in Code § 18.2-10 underscores the flexibility afforded a trial court in sentencing pursuant to this statute.

Indeed, in 2004, the General Assembly codified this principle in Code § 18.2-12.1, which states that "'[m]andatory minimum' wherever it appears in this Code means, for purposes of imposing punishment upon a person convicted of a crime, that the court shall impose the entire term of confinement, the full amount of the fine and the complete requirement of community service prescribed by law. The court shall not suspend in full or in part any punishment described as mandatory minimum punishment." See 2004 Acts ch. 461. This action codified the settled interpretation of the phrase "mandatory minimum."

Nothing about the punishment for a Class 1 felony requires a mandatory minimum sentence under Virginia law. Cf., Ala. Code

_____

person convicted of entering another's property with the intent to cause damage because of the owner's or occupant's "race, religious conviction, color or national origin"); 18.2-154 (1996 Repl. Vol.) (requiring a mandatory minimum sentence for shooting a firearm at certain types of vehicles); 18.2-248 (Cum. Supp. 2000) (mandating mandatory minimum sentences for certain repeated drug distribution offenses); 18.2-270 (Cum. Supp. 2000) (levying mandatory minimum sentences for repeated driving while intoxicated convictions); 18.2-308.2:2 (Cum. Supp. 2000) (enacting mandatory minimum sentences for those who thwart the criminal background check for firearms in order to provide the firearms to those who may not legally possess firearms); and 46.2-341.28 (1998 Repl. Vol.) (setting a mandatory minimum sentence for a conviction for driving a commercial motor vehicle while intoxicated).

§ 15-22-50 ("The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years."); Ark. Code Ann. § 5-4-104(e)(1)(A) ("The court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for [capital murder].").[3]  Code § 19.2-303 applies to Virginia's capital sentencing scheme, granting judges the authority to suspend part or all of the offender's sentence at the trial court's discretion.

Thus, when the trial court sentenced Jones, it had the authority to suspend part or all of Jones' life sentence.  Code § 19.2-303 (2000 Repl. Vol.).  Indeed, Jones recognized that a circuit court continues to have the authority to suspend part or all of a sentence pursuant to Code § 19.2-303, as he asked the circuit court to so do in his motion to vacate.[4]  Moreover, his

---

[3] It is telling that the General Assembly has subsequently amended certain statutes to include a mandatory minimum sentence of life for certain crimes.  See Code § 18.2-61(B)(2)(2012) (prescribing a mandatory minimum sentence of life imprisonment for certain types of rape).  The General Assembly could have amended Code § 18.2-10 in a similar fashion.  The fact that it did not underscores the point that Code § 18.2-10 does not impose a mandatory minimum sentence.

[4] Jones' request, however, was not timely as Jones had already been transferred to the Department of Corrections at the time of his request.  Code § 19.2-303 (stating "If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the

7

conviction and sentencing order acknowledged the authority of the trial court to suspend a portion of his sentence for capital murder, as it specifically stated that he was sentenced to life and no portion of that sentence was suspended.

Because a Class 1 felony does not impose a mandatory minimum sentence under Virginia law, the circuit court had, at the time it sentenced Jones, the authority to suspend part or all of his life sentence. Therefore, Miller is not applicable to the statute at issue here because one convicted of capital murder does not receive a mandatory sentence of life without the possibility of parole.[5]

### III. CONCLUSION

We hold that because a Class 1 felony does not impose a mandatory minimum sentence under Virginia law, Miller is not applicable even if it is to be applied retroactively. Thus, Jones' sentence was not void ab initio, and the trial court had no jurisdiction to grant the motion. Therefore, we find no reversible error in the trial court's denial of Jones' motion to

---

Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.").

[5] Because Virginia's capital punishment sentencing scheme does not include a mandatory minimum sentence, Miller could never apply in Virginia and, therefore, we need not address Jones' other arguments as to the retroactivity of Miller.

vacate his sentence and will affirm the trial court's judgment denying the motion.

**Affirmed.**